# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 16, 2003

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Nos. 02-1662 & 02-1949

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | |
| MICHAEL BERKLEY and VAL JEAN HILLMAN, *Defendants-Appellants*. | No. 00 CR 31 Charles R. Norgle, Sr., *Judge*. |

## ON REHEARING

Michael Berkley's motion to correct our opinion of June 20, 2003, is GRANTED. Accordingly, the fourth paragraph of the opinion is amended to read:

> Hillman and Michael Berkley, a loan processor for UMG, were charged along with six others in a seven-count indictment. After their six cohorts pleaded guilty, Hillman and Berkley went to trial. A jury found Hillman guilty on three counts of wire fraud affecting a financial institution in violation of 18 U.S.C. §§ 2 and 1343. The jury also found Berkley guilty on one of two similar counts. The district court sentenced both men to 27 months imprisonment and ordered them to pay hundreds of thousands of dollars in restitution. Hillman and Berkley appeal their convictions, essentially challenging the sufficiency of the evidence. Because Hillman failed to lodge a motion for a judgment of acquittal at the close of all the evidence or within 7 days after the adverse verdict, he must show plain error to prevail. *See United States v. Taylor*, 226 F.3d 593, 596 (7th Cir. 2000). Therefore, we will reverse his conviction only if we find a manifest miscarriage of justice. Berkley's conviction is subject to the usual standard of review. We will reverse his conviction only if "the record contains no evidence, regardless of how it is weighed, upon which a rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Starks*, 309 F.3d 1017, 1021 (7th Cir. 2002).

With the granting of this motion, the petition for rehearing is DENIED.